UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

NOROTOS, INC.,

                  Plaintiff,

    vs.

OPS-CORE, INC.,

                  Defendant.

CIVIL ACTION

NO. _____

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Norotos, Inc., by its attorneys, alleges as follows:

## I.    PARTIES.

1.    Plaintiff Norotos, Inc. ("Norotos") is a corporation organized and existing under the laws of the State of California having a principal place of business at 201 East Alton Avenue, Santa Ana, California.

2.    On information and belief, Defendant Ops-Core, Inc. ("Ops-Core") is a corporation organized and existing under the laws of the Commonwealth of Massachusetts having a principal place of business at 15 Channel Center Street, Boston, Massachusetts.

## II.    JURISDICTION.

3.    This is an action for patent infringement in violation of the patent laws of the United States, 35 U.S.C. § 1, et seq.  This Court has jurisdiction under 28 U.S.C. § 1338(a).

4.    Venue is proper under 28 U.S.C. §§ 1391(b) and 1400 (b) in that Defendant is a corporation organized and existing under the laws of the Commonwealth of Massachusetts. Defendant has committed acts of infringement in this judicial district, and Defendant has a regular and established place of business in this district.

## III.    FACTUAL BACKGROUND.

5.    Norotos has been engaged and presently is engaged in the design and manufacture of precision machined components specializing in night vision goggle helmet mounts for

commercial and military requirements.

6.      On March 13, 2003, Norotos filed an application, Serial No. 10/389,648 with the United States Patent and Trademark Office ("PTO") to obtain a patent on a novel shroud plate for headgear.  The application was filed in the name of Jonathan R. Prendergast ("Prendergast"), the shroud plate's inventor, and was assigned to Norotos.  A patent for this invention entitled "SHROUD PLATE," Patent No. 6,751,810 ("the '810 Patent") issued on June 22, 2004.  A true and correct copy of the '810 Patent is attached hereto as Exhibit A.

7.      On April 7, 2004, Norotos filed an application, Serial No. 10/820,977 with the PTO to obtain a patent on a novel shroud plate attachment.  The application was filed in the name of Prendergast, the attachment's inventor, and was assigned to Norotos.  A patent for this invention entitled "SHROUD PLATE ATTACHMENT," Patent No. 6,938,276 ("the '276 Patent") issued on September 6, 2005.  A true and correct copy of the '276 Patent is attached hereto as Exhibit B.

8.      On October 30, 2008, Norotos sent a letter to Ops-Core alleging that its VAS Shroud product infringed the '810 and '276 Patents.  Subsequent correspondence between Norotos and Ops-Core did not resolve the infringement issue.

9.      Notwithstanding the rights of Norotos in the '810 and '276 Patents, Ops-Core has imported, manufactured, used, offered for sale and/or sold a shroud plate for headgear under the trademark VAS SHROUD, which product is intended to be used in combination with, *inter alia*, a mount arm sold by Norotos for use with night vision goggles which infringes the '810 and '276 Patents.  True and correct copies of excerpts from Ops-Core's web site concerning its VAS SHROUD product are attached hereto as Exhibit C.

10.     Ops-Core's importation, manufacture, use, offer for sale, and/or sale of the VAS SHROUD product has been and is without the consent or authority of Norotos.

## FIRST CLAIM FOR RELIEF

### (Patent Infringement)

11.     Norotos repeats and realleges herein the allegations contained in paragraphs 1 through 10 hereinabove.

12.     On information and belief, Ops-Core, alone or in concert with others, has manufactured, imported, offered for sale, and/or sold and continues to sell in this district and elsewhere in the United States, a shroud attachment which infringes the claims of the '810 and '276 Patents.

13.     By its aforesaid acts, Ops-Core has violated 35 U.S.C. § 271 by its contributory infringement of the '810 and '276 Patents and by its acts of inducing others to infringe the '810 and '276 Patents.

14.     On information and belief, the acts of infringement of Ops-Core will continue unless enjoined by this Court.

15.     Norotos is being damaged by Ops-Core's infringement of the '810 and '276 Patents and is being and will continue to be irreparably damaged unless Ops-Core's infringement is enjoined by this Court.  Norotos does not have an adequate remedy at law.

16.     On information and belief, Ops-Core's infringement of the '810 and '276 Patents has been willful.

WHEREFORE, Plaintiff Norotos demands judgment against Defendant Ops-Core as follows:

1.     That this Court adjudge and declare:

    a.     That it has jurisdiction of the parties and of the subject matter of this action;

    b.     That United States Patent Nos. 6,751,810 and 6,938,276 are valid and owned by Norotos; and

    c.     That Defendant Ops-Core has committed acts of contributory patent infringement by its manufacture, importation, use, offer for sale and/or sale of a shroud plate for

-3-

headgear for use with a mount arm night vision goggles and acts of patent infringement by inducing others to use Ops-Core's shroud plate in a manner which infringes the '810 and '276 Patents.

2.     That Defendant Ops-Core be required by mandatory injunction to deliver up to Norotos for destruction any and all shroud plates in Ops-Core's possession, custody or control which contributes to or induces infringement of the '810 and/or '276 Patents, as well as any promotional literature and packaging which display the infringing product;

3.     That Plaintiff Norotos be awarded damages covered by the acts of patent infringement of Defendant Ops-Core in an amount not less than a reasonable royalty pursuant to 25 U.S.C. 284 and that such damages be trebled in accordance with the provisions of 35 U.S.C. § 284;

4.     That Defendant Ops-Core pay Plaintiff Norotos prejudgment interest on all infringement damages;

5.     That Plaintiff Norotos have and recover its costs in this action, including attorney's fees; and

6.     That Plaintiff Norotos have such other and further relief as the Court may deem just and proper.

Respectfully submitted,

DATED:  February 11, 2009

By _____
     Edward R. Schwartz, BBO # 448050
**CHRISTIE, PARKER & HALE, LLP**
**350 West Colorado Blvd., Suite 500**
**Post Office Box 7068**
**Pasadena, California 91109-7068**
**Phn: (626) 795-9900**
**Fax: 626-577-8800**
**e-mail: ers@cph.com**

Attorneys for Plaintiff,
Norotos, Inc.

BLV PAS833718.1-*-01/26/09 3:46 PM

-4-