UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NOROTOS, INC., <br><br> Plaintiff, <br><br> v. <br><br> OPS-CORE, INC., <br><br> Defendant. | Civil Action No: 09-CV-10215-NG |

**MEMORANDUM IN SUPPORT OF
DEFENDANT OPS-CORE, INC.'S MOTION
FOR SUMMARY JUDGMENT AND FOR SANCTIONS**

Defendant Ops-Core, Inc. ("Ops-Core") submits the following memorandum in support of its motion for summary judgment that Ops-Core does not infringe the patents in suit and for sanctions against plaintiff Norotos, Inc. ("Norotos"). As set forth below, the undisputed facts demonstrate that Ops-Core's accused products do not contain all the elements of any of the asserted patent claims, either literally or by equivalents. Moreover, because Norotos cannot show that Ops-Core sells a component that forms a material part of the patented invention or that would infringe when combined with another device, Ops-Core also cannot be liable for contributory infringement or inducement to infringe. Finally, because Norotos can show no direct infringement, Ops-Core cannot be liable for contributory infringement or inducement to infringe.

**FACTUAL BACKGROUND**

**I. The Patents in Suit**

In this action, Norotos alleges that Ops-Core infringes United States Patent Nos. 6,751,810 (the "'810 Patent") and 6,938,276 (the "'276 Patent"). Both the '810 and '276 Patents

are directed to a shroud plate that attaches to a mount for connecting night vision devices to headgear, such as helmets used by the military. *See* Defendant Ops-Core, Inc.'s Statement of Undisputed Material Facts in Support of Motion for Summary Judgment ("Statement"), ¶1.

Each asserted claim of both the '810 and '276 Patents (soon to reissue) requires "[a] shroud plate for headgear comprising a shell, an insert, a lock and a release mechanism." *See* Statement, ¶2.[1] Consistent with this unambiguous claim language, the specifications of both patents state that "[t]he present invention provides for a shroud plate for headgear comprising a shell, an insert, a lock, [and] a release mechanism wherein the shell extends around at least a portion of the insert . . . ." *See* Statement, ¶3 ('810 Patent col. 2, ll. 1-4; '276 Patent col. 2, ll. 5-10).

Moreover, the drawings of both patents depict a shroud plate incorporating all of these elements:

---

[1] As stated below, both the '810 and '276 Patents have been recently reexamined and, as a result, some claims have been cancelled and others amended. Because the reexamination certificates have not yet been issued, this motion refers to the claims by their original claim numbers, as do the infringement contentions filed by both parties.



*See* Statement, ¶4 ('810 and '276 Patents, Figure 2).

Norotos makes and sells an embodiment of the invention of the '810 and '276 Patents, in which the insert, lock and release mechanism are incorporated into a shroud plate for helmets or other headgear. A photograph of a Norotos helmet shroud from its website appears below:



*See* Statement, ¶5.

## II. Ops-Core's Accused Product

Ops-Core is a manufacturer of headgear and related products for military and law enforcement use. *See* Statement, ¶6. Ops-Core's products include the VAS Shroud, a shroud plate used to attach night vision devices to helmets. *Id.*, ¶7. As shown in the following photograph, the VAS Shroud does not contain an insert, a lock or a release mechanism:

4



Opening for insertion of mount arm

*Id.*, ¶8. Instead, the VAS Shroud has an opening in which a mount arm may be inserted and attached. *Id.*, ¶9. A night vision device, such as a light, binoculars or camera, may then be attached to the mount arm. *Id.* Ops-Core does not manufacture or sell mount arms; the VAS Shroud must be used with a mount arm sold by one of several other manufacturers, including Norotos. *Id.*, ¶10.

### III. Norotos's Accusations of Infringement

In or about November 2008, Norotos sent Ops-Core a letter demanding that Ops-Core cease and desist from selling the VAS Shroud because it infringed the '810 and '276 Patents. *See* Statement, ¶11. Ops-Core promptly responded in writing that the VAS Shroud did not infringe either patent because, among other things, the VAS Shroud did not have a lock or release mechanism. *Id.*, ¶12. In subsequent correspondence between counsel, Ops-Core further pointed out that the claims of both patents required a shroud plate that included a shell, insert, lock and release mechanism, not merely a shroud plate that could be combined with another mechanism to

form an assembly that had these four elements. *Id.*, ¶13. Norotos, however, continued to insist that the VAS Shroud infringed and, on February 12, 2009, brought this action.

After receiving notice of the Complaint, Ops-Core filed ex parte requests for reexamination of the '810 and '276 Patents, based on prior art that had not been considered during prosecution. This action was stayed pending the outcome of the reexaminations.

As a result of the reexaminations, the United States Patent and Trademark Office ("PTO") rejected many of the original claims of the '810 Patent and all of the original claims of the '276 Patent. All of the claims that were found patentable over the prior art require a "shroud plate for headgear comprising" a shell, an insert, a lock and a release mechanism.

After the PTO issued notices of intent to issue reexamination certificates for the '810 and '276 Patents in May 2010, Norotos moved to lift the stay of litigation. On June 29, 2010, Ops-Core requested that Norotos withdraw this action because it could not prove that Ops-Core infringed any of the surviving claims. *Id.*, ¶14. Norotos refused.

On August 19, 2010, Norotos filed its Disclosure of Asserted Claims and Preliminary Infringement Contentions (Docket No. 28) ("Norotos's Infringement Contentions"), in which Norotos asserted that "[t]he products which Ops-Core offers for sale and sells which are accused of infringement are the VAS-Shroud [sic] *and associated mount.*" *See* Statement, ¶16 (Norotos's Infringement Contentions at 1) (emphasis added). The illustrations attached to Norotos's Infringement Contentions depict a helmet, *shroud plate and mount arm*, with the insert, lock and release mechanism *on the mount arm rather than the shroud plate itself*, as in the drawing below:



*See* Statement, ¶17 (Norotos's Infringement Contentions, Exhibit A).

The mount arm that Norotos depicts as containing the insert, lock and release mechanism is not within the scope of the patent claims or described in the specifications or drawings, as demonstrated by the following side-by side comparison between the illustration and the patent drawings:



According to Norotos, Ops-Core has infringed claims 21, 22, 2, 7, 8, 12 and 13 of the '810 Patent and claims 11, 12, 14, 15 and 2 of the '276 Patent, either literally or under the doctrine of equivalents. *See* Statement, ¶15 (Norotos's Infringement Contentions at 1). Norotos further asserts that Ops-Core is liable for contributory infringement and for inducing infringement of each of these claims (*id.*), but does not explain how.

## ARGUMENT

Summary judgment is proper when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Griggs-Ryan v. Smith*, 904 F.2d 112, 115 (1st Cir. 1990). When the nonmovant bears the ultimate burden of proof on a given issue, it must make a factual showing, by means of competent and specific evidence, sufficient to establish the essential elements of his claim. *Mesnick v. Gen. Elec. Co.*, 950 F.2d 816, 822 (1st Cir.1991). Moreover, "[o]nce the moving party avers the absence of genuine issues of material fact, the

nonmovant must show that a factual dispute does exist, but summary judgment cannot be defeated by relying on improbable inferences, conclusory allegations, or rank speculation." *Ingram v. Brink's, Inc.*, 414 F.3d 222, 228-29 (1st Cir. 2009) (Gertner, J.) (citing *Mesnick*, 950 F.2d at 822).

In patent cases, courts have not hesitated to grant summary judgment of non-infringement where the facts material to that determination are not in dispute. *See, e.g., Freedman Seating Co. v. Amer. Seating Co.*, 420 F.3d 1350, 1356-57 (Fed. Cir. 2005); *Honeywell Int'l, Inc. v. ITT Indus., Inc.*, 452 F.3d 1312, 1321 (Fed. Cir. 2006) (affirming summary judgment of non-infringement under the doctrine of equivalents); *Biogen, Inc. v. Amgen, Inc.*, 115 F. Supp. 2d 139, 141-42 (D. Mass. 2000) (granting motion for summary judgment of non-infringement both literally and by equivalents). Because the undisputed facts show that Ops-Core does not infringe either the '810 Patent or the '276 Patent, Norotos's infringement claims should be dismissed in their entirety.

**I.  Ops-Core's VAS Shroud Does Not Directly Infringe Norotos's Patents**

"Patent infringement is a two step inquiry. First, the court must construe the asserted claim. Second, the court must determine whether the accused product or process contains each limitation of the properly construed claims, either literally or by a substantial equivalent." *Freedman Seating Co.*, 420 F.3d at 1356-57 (citing *RF Del., Inc. v. Pac. Keystone Techs., Inc.*, 326 F.3d 1255, 1266 (Fed. Cir. 2003).

The words of the claims are ordinarily construed according to their plain meanings unless the patentee indicated an intention to deviate from those meanings. *See Sage Prods., Inc. v. Devon Indus., Inc.*, 126 F.3d 1420, 1423 (Fed. Cir. 1997). In addition, the claims "'must be read in view of the specification, of which they are a part [and] which is always highly relevant to the

claim construction analysis.'" *See Honeywell Int'l, Inc.*, 452 F.3d at 1318 (quoting *Phillips v. AWH Corp.*, 425 F.3d, 1303, 1315 (Fed Cir. 2005)). Here, the relevant claim terms are relatively simple and can be construed in deciding this motion, based on their plain meanings and on the specifications and drawings. A comparison of the claims to the accused product can only lead to the conclusion that Ops-Core has not infringed the '810 or the '276 Patent, either literally or by equivalents.

### A. Ops-Core's VAS Shroud Does Not Literally Infringe the '810 or the '276 Patent

As set forth above, each of the asserted claims of both patents requires a "shroud plate for headgear comprising a shell, an insert, a lock and a release mechanism." *See* Statement, ¶2. The VAS Shroud, however, consists solely of a shroud plate with holes for attachment to a helmet with screws and with openings for attaching a mount arm; it does not include an insert, a lock or a release mechanism. *See* Statement, ¶8. Indeed, Norotos has not asserted that the VAS Shroud itself meets these claim limitations, but rather that the VAS Shroud may be combined with a mount arm – which Ops-Core does not make or sell – to form an assembly that contains all these elements. *See* Statement, ¶¶16-17. By Norotos's own admission, therefore, the VAS Shroud alone does not literally infringe any claim of either the '810 or the '276 Patent.

### B. Ops-Core's VAS Shroud Does Not Infringe Under the Doctrine of Equivalents

There is likewise no genuine issue of material fact as to whether Ops-Core directly infringes either the '810 Patent or the '276 Patent under the doctrine of equivalents. Equivalence may be found where the accused product either contains only an "insubstantial" change from the claimed invention or "performs the same function in substantially the same way to obtain the same result." *Tip Sys., LLC v. Phillips & Brooks/Gladwin, Inc.*, 529 F.3d 1364, 1376 (Fed. Cir.

2008) (quoting *Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*, 339 U.S. 605, 610 (1950) and *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 38-40 (1997)).

Equivalence must be assessed on a limitation-by-limitation basis, not from the perspective of the invention as a whole. *See Warner-Jenkinson*, 520 U.S. at 29; *Freedman Seating Co.*, 420 F.3d at 1357. Moreover, the patent owner must provide "*particularized testimony and linking argument . . . on a limitation-by-limitation basis*" that the accused product contains only insubstantial differences from the patented invention or performs the same functions in the same way to achieve the same result. *See Aquatex Indus., Inc. v. Techniche Solutions*, 479 F.3d 1320, 1328 (Fed. Cir. 2007) (emphasis in original) (quoting *Texas Instruments, Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1567 (Fed. Cir. 1996)).

Norotos has not made, and cannot make, any such particularized showing of equivalency. The VAS Shroud does not contain any mechanism that performs the same function as an insert, a lock or a release mechanism. *See* Statement, ¶8. Equivalency may not be found where, as here, it "would effectively remove an express functional limitation of the claims." *See Sage Prods., Inc.*, 126 F.3d at 1429 (finding that a permanently locking lid was not the equivalent of an openable lid). *See also Novartis Pharmaceuticals Corp. v. Eon Labs Manuf., Inc.*, 363 F.3d 1306, 1312 (Fed. Cir. 2004) (affirming summary judgment of non-infringement where finding of equivalents would have read limitation out of the claims). "Put another way, a jury could not find the differences between the claimed and accused devices insubstantial without ignoring these claimed functions in their entirety." *Sage Prods., Inc.*, 126 F.3d at 1429 (citing *Conopco, Inc. v. May Dep't Stores Co*., 46 F.3d 1556, 1562 (Fed. Cir. 1994). Norotos's claim of direct infringement by equivalents thus presents no genuine issue for trial.

## II. Ops-Core Is Not Liable for Indirect Infringement

Norotos's claims of contributory infringement and inducement to infringe likewise present no genuine issue of material fact. "When indirect infringement is at issue, it is well settled that there can be no inducement or contributory infringement absent an underlying direct infringement." *Novartis Pharmaceuticals Corp. v. Eon Labs Manuf., Inc.*, 363 F.3d 1306, 1308 (Fed. Cir. 2004) (affirming summary judgment of non-infringement) (citations omitted). *See Dynacore Holdings Corp. v. United States Philips Corp.*, 363 F.3d 1263, 1274 (Fed. Cir. 2004) (same); *C.R. Bard, Inc. v. Advanced Cardiovascular Sys., Inc.*, 911 F.2d 670, 673 (Fed. Cir. 1990) ("a finding of induced or contributory infringement must be predicated on a direct infringement").

Here, Norotos has asserted that the VAS Shroud may be combined with a mounting device to form an assembly that contains all the elements of one or more asserted patent claims, including a shell, an insert, a lock and release mechanism. As discussed below, however, such an assembly would not amount to direct infringement because the '810 and '276 Patents require that these elements be located on the shroud plate itself, not on an attached device.[2] Accordingly, Norotos's claims for indirect infringement should also be dismissed.

### A.     Norotos Cannot Prove Direct Infringement by Combining the VAS Shroud With a Separate Mounting Device

As set forth above, each of the asserted patent claims requires, among other elements, "*[a] shroud plate for headgear comprising* a shell, an insert, a lock and a release mechanism."

---

[2] In addition, Norotos has failed to point to any evidence of direct infringement or to identify any Ops-Core customer or other third party that has directly infringed either the '810 or the '276 Patent. "In order to prove direct infringement, a patentee must either point to specific instances of direct infringement or show that the accused device necessarily infringes the patent in suit." *Acco Brands, Inc. v. ABA Locks Manufacturer Co.*, Ltd., 501 F.3d 1307, 1313 (Fed. Cir. 2010) (citing *Dynacore Holdings Corp.*, 363 F.3d at 1275-76). In the absence of any evidence of direct infringement, Norotos cannot raise a genuine issue of material fact as to whether Ops-Core has indirectly infringed the '810 or the '276 Patent.

*See* Statement, ¶2 (emphasis added). The plain meaning of the term "shroud plate" in this context is a plate that attaches to headgear; that comprises a shell, an insert, a lock and a release mechanism; and to which a mount or mount arm may be attached. The term "shroud plate" does not itself include a mount or mount arm. The specifications and drawings of both the '810 and '276 Patents confirm that the shroud plate does not include a mount or mount arm and that the shell, insert, lock and release mechanism must all be located on the shroud plate and not on another device. *Id.*, ¶¶3-4.

There can be no genuine dispute that the asserted claims do not cover an assembly of the VAS Shroud, which does *not* contain an insert, lock or release mechanism, with a mount that includes these elements. Accordingly, Norotos cannot prove either inducement to infringe or contributory infringement.

### B.   Norotos Cannot Establish Inducement to Infringe

"In order to prevail on an inducement claim, the patentee must establish 'first that there has been direct infringement, and second that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement.'" *Acco Brands, Inc. v. ABA Locks Manufacturer Co., Ltd.*, 501 F.3d 1307, 1310 (Fed Cir. 2010) (quoting *Minn. Mining & Mfg. Co. v. Chemque, Inc.*, 303 F.3d 1294, 1304-05 (Fed. Cir. 2002). As discussed above, Norotos cannot establish that there has been direct infringement of either the '810 or the '276 Patent. Accordingly, Ops-Core is entitled to summary judgment on Norotos's claim of inducement to infringe.

### C.   Norotos Cannot Establish Contributory Infringement

In addition to proof of an underlying direct infringement, contributory infringement requires the sale of "a component of a patented machine, manufacture, combination or composition . . . constituting a material part of the invention, knowing the same to be especially

made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use." 35 U.S.C.A. §271(c). *See Aro Manuf. Co. v. Convertible Top Replacement Co., Inc.*, 365 U.S. 336, 344-45 (1961) (reversing judgment of contributory infringement); *Cross Medical Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293 (Fed Cir. 2005). *See also Erbe Elektromedezin GmbH v. Int'l Trade Comm'n*, 566 F.3d 1028, 1033 (Fed. Cir. 2009).

The undisputed facts show that Ops-Core has not sold "a component of a patented machine, manufacture, combination or composition" constituting a "material part" of the invention of either the '810 or the '276 Patent. As discussed above, an assembly consisting of a shroud and a mounting device is not a "patented machine [or] combination" because the claims require that all elements, including the insert, lock and release mechanism, be located on the shroud plate itself. Moreover, the VAS Shroud is not a "material part" of the invention of either the '810 or the '276 Patent because it lacks these essential elements of the claims.

Norotos likewise cannot show that the combination of the VAS Shroud with a mount made by another manufacturer contains the equivalent of each of these elements. The combination of a shroud plate and a mount is not an insubstantial change from a "shroud plate comprising" a shell, an insert, a lock and a release mechanism. To find equivalence would be to read the words "a shroud plate comprising" out of the claims. *See Sage Prods., Inc.*, 126 F.3d at 1429 ; *Novartis Pharmaceuticals Corp. v. Eon Labs Manuf., Inc.*, 363 F.3d at 1312.

Finally, Norotos has not attempted to, and cannot, show that the VAS Shroud has no substantial non-infringing uses. Norotos's claim for contributory infringement, like its claims for direct infringement and inducement, therefore cannot raise a genuine issue of material fact for trial.

### III. Ops-Core Should Be Awarded Attorneys' Fees and Costs

In addition to dismissing Norotos's infringement claims, the Court should declare this case an exceptional case pursuant to 35 U.S.C. Section 285 and/or should impose sanctions pursuant to Rule 11. The filing and maintaining of an infringement claim that the plaintiff knows or should know is baseless supports a finding that a case is "exceptional" pursuant to Section 285 and permits an award of attorneys' fees and costs to the defendant. *See Eltech Sys. Corp. v. PPG Indus, Inc.*, 903 F.2d 805, 810 (Fed. Cir. 1990).

Ops-Core informed Norotos on multiple occasions, even before this action was filed, that the VAS Shroud did not infringe, either directly or indirectly, because it lacked an insert, lock and release mechanism and because these limitations could not be met by combining the VAS Shroud with another device. *See* Statement, ¶¶11-13. Norotos nevertheless chose to file this action. After the '810 and '276 Patents had been reexamined, Ops-Core asked Norotos to dismiss this action, as the VAS Shroud clearly did not infringe any of the surviving claims. *See* Statement, ¶14. Instead, Norotos has continued to pursue its baseless infringement claims. These circumstances warrant a finding that this case is exceptional and an award of attorneys' fees and costs.

Norotos's conduct also justifies an award of sanctions pursuant to Rule 11. *See, e.g., View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981 (Fed. Cir. 2000) (affirming award of Rule 11 sanctions against plaintiff's counsel for filing infringement claims without reasonable inquiry); *Pellegrini v. Analog Devices, Inc.*, No. 02-11562, 2006 WL 83472 (D. Mass. January 11, 2006) (dismissing case and awarding attorneys' fees pursuant to Rule 11 where plaintiff failed to dismiss claims as to which he had no good-faith basis). *See also Mee Indus. v. Dow Chem. Co.*, 608 F.3d 1202, 1216-18 (11th Cir. 2010) (patent owner had no reasonable basis for

filing indirect infringement claim where it "did not have sufficient evidence to raise a reasonable suspicion" that accused infringer's customers were using its device in an infringing manner).

## CONCLUSION

For the foregoing reasons, the Court should grant summary judgment dismissing Norotos's infringement claims in their entirety and should award Ops-Core its costs and attorneys' fees in this action.

Dated: October 4, 2010					Respectfully submitted,

								**OPS-CORE, INC.**,

								By its attorneys,

								/s/ David S. Godkin
								David S. Godkin (BBO#196530)
								Anne Marie Longobucco (BBO#649299)
								Birnbaum & Godkin, LLP
								280 Summer Street
								Boston, MA  02210
								617-307-6100
								godkin@birnbaumgodkin.com
								longobucco@birnbaumgodkin.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was delivered to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants on the above date.

								 /s/ David S. Godkin
								David S. Godkin